HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LANCE SCHOENING,

    Plaintiff,

v.

ROBERT M. MCKENNA, ATTORNEY GENERAL, STATE OF WASHINGTON,

    Defendant.

Case No. C07-5611 RBL

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on cross motions for summary judgment. [Dkt. # 32, 33]. Plaintiff Lance Schoening brought this action under 42 U.S.C. § 1983 against defendant Robert McKenna in his official capacity as Attorney General of the State of Washington. [Dkt. # 14]. Plaintiff seeks a declaration that a Washington State criminal statute, RCW 9.68A.090, unconstitutionally restricts free speech. Plaintiff also seeks to enjoin Defendant from enforcing this law. The issue in this case is whether the statute is so vague or overbroad as to violate First Amendment freedom of speech rights, as applied to

ORDER
Page - 1

the states through the due process clause of the Fourteenth Amendment. For the reasons stated herein, the statute does not violate the constitutional right to freedom of speech. The Court GRANTS summary judgment in favor of defendants and DENIES the plaintiff's motions for summary judgment and judgment on the pleadings.

## FACTUAL BACKGROUND

On November 7, 2007 plaintiff Lance Schoening filed a civil rights lawsuit under 42 U.S.C. § 1983 against the State of Washington. He sought an injunction prohibiting enforcement of RCW 9.68A.090 as well as damages, costs, and attorney fees.

In January 2008, Plaintiff amended his complaint, naming Washington State Attorney General Robert McKenna as the sole defendant. Plaintiff now seeks only injunctive and declaratory relief. Plaintiff asks the Court to enjoin Defendant's enforcement of RCW 9.68A.090, and to declare the statute invalid on its face. He asserts that the statute is overbroad and vague, and therefore violates First Amendment free speech rights. RCW 9.68A.090 provides:

> (1) Except as provided in subsection (2) of this section, a person who communicates with a minor for immoral purposes, or a person who communicates with someone the person believes to be a minor for immoral purposes, is guilty of a gross misdemeanor.
> (2) A person who communicates with a minor for immoral purposes is guilty of a class C felony punishable according to chapter 9A.20 RCW if the person has previously been convicted under this section or of a felony sexual offense under chapter 9.68A, 9A.44, or 9A.64 RCW or of any other felony sexual offense in this or any other state or if the person communicates with a minor or with someone the person believes to be a minor for immoral purposes through the sending of an electronic communication.

Chapter 9.68A RCW broadly deals with the sexual exploitation of children. The legislative findings state that "the protection of children from sexual exploitation can be accomplished without infringing on a constitutionally protected activity. The definition of sexually explicit conduct and other operative definitions demarcate a line between protected and prohibited conduct and should not inhibit legitimate scientific, medical, or educational activities." RCW 9.68A.001. All provisions within Chapter 9.68A RCW are severable. RCW 9.68A.910.

ORDER
Page - 2

the states through the due process clause of the Fourteenth Amendment. For the reasons stated herein, the statute does not violate the constitutional right to freedom of speech. The Court GRANTS summary judgment in favor of defendants and DENIES the plaintiff's motions for summary judgment and judgment on the pleadings.

## FACTUAL BACKGROUND

On November 7, 2007 plaintiff Lance Schoening filed a civil rights lawsuit under 42 U.S.C. § 1983 against the State of Washington. He sought an injunction prohibiting enforcement of RCW 9.68A.090 as well as damages, costs, and attorney fees.

In January 2008, Plaintiff amended his complaint, naming Washington State Attorney General Robert McKenna as the sole defendant. Plaintiff now seeks only injunctive and declaratory relief. Plaintiff asks the Court to enjoin Defendant's enforcement of RCW 9.68A.090, and to declare the statute invalid on its face. He asserts that the statute is overbroad and vague, and therefore violates First Amendment free speech rights. RCW 9.68A.090 provides:

> (1) Except as provided in subsection (2) of this section, a person who communicates with a minor for immoral purposes, or a person who communicates with someone the person believes to be a minor for immoral purposes, is guilty of a gross misdemeanor.
> (2) A person who communicates with a minor for immoral purposes is guilty of a class C felony punishable according to chapter 9A.20 RCW if the person has previously been convicted under this section or of a felony sexual offense under chapter 9.68A, 9A.44, or 9A.64 RCW or of any other felony sexual offense in this or any other state or if the person communicates with a minor or with someone the person believes to be a minor for immoral purposes through the sending of an electronic communication.

Chapter 9.68A RCW broadly deals with the sexual exploitation of children. The legislative findings state that "the protection of children from sexual exploitation can be accomplished without infringing on a constitutionally protected activity. The definition of sexually explicit conduct and other operative definitions demarcate a line between protected and prohibited conduct and should not inhibit legitimate scientific, medical, or educational activities." RCW 9.68A.001. All provisions within Chapter 9.68A RCW are severable. RCW 9.68A.910.

Plaintiff was previously convicted under the statute, and served his sentence. He now alleges that he would like to use adult-only chat lines, but is chilled from doing so because he fears that he might, despite taking precautions, unwittingly speak to a minor–and Plaintiff alleges that the affirmative defense of mistake is unavailable under the statute. *See* RCW 9.68A.110(3). He challenges the statute on the grounds that it not only chills his participation on chat lines, but also impermissibly intrudes on others' protected speech. Plaintiff's sole contention is that RCW 9.68A.090 is facially unconstitutional.

This matter is now before the Court on cross motions for summary judgment. [Dkt. # 32, 33].

**DISCUSSION**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. *Triton Energy*, 68 F.3d 1216, 1220 (9th Cir. 1995).

The only issue in this case is whether RCW 9.68A.090 is unconstitutional on its face—purely a question of law.

**Overbreadth Claim**

Plaintiff claims that RCW 9.68A.090 is overbroad because it allegedly prohibits a substantial amount of protected expression. [Dkt. # 32 at 9]. Plaintiff contends that the statutory phrase "communicates with a minor for immoral purposes" could be read to proscribe sexual education as well as conversations pertaining to sexual health and morality initiated by physicians, priests, and parents. [Dkt. # 32 at 12-13]. Additionally, Plaintiff alleges that because the statute does not permit the defense that the

age of the recipient was unknown, or reasonably believed to be over eighteen, it impermissibly chills his participation on supposedly adult-only chat lines.

The overbreadth doctrine is an exception to the general rule that "a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973). Although Article III courts must not become "roving commissions" judging the validity of state laws, the possibility that individuals may be "chilled" from exercising their First Amendment rights is sufficiently countervailing to justify relaxing traditional standing requirements. *See Broadrick*, 413 U.S. at 610-11.

Invalidation on overbreadth grounds, however, is "strong medicine" which should be used "sparingly," if at all, and it is inappropriate if a saving construction has been or could be applied. *See Broadrick*, 413 U.S. at 613. The strong medicine of invalidation should be applied even more cautiously in a criminal context, because facial invalidation may result in criminal conduct going unpunished.

Plaintiff's assertions that the statute may prohibit speech about sexual health and education–if true–would be cause for concern. Such speech certainly falls within the ambit of First Amendment protection. But Plaintiff's concerns are misplaced because the statute has been narrowly, and authoritatively, construed so that it does not reach these examples. *See Washington v. Hosier*, 157 Wash.2d 1, 15 133 P.3d 936, 943 (2006).

The Washington Supreme Court has construed RCW 9.68A.090 to prohibit communicating with children with "the predatory purpose of promoting their exposure to and involvement in sexual misconduct." *Washington v. McNallie*, 120 Wash.2d 925, 931-32, 846 P.2d 1358, 1363 (1993). Plaintiff's concerns that the term "immoral purposes" could be the basis of a prosecution of–for example–a school nurse who advised a pregnant teenager about abortion options are unfounded, because the scope of the term "immoral purposes" has been limited to the category "sexual misconduct."

*McNallie*, 846 P.2d at 1362 (noting that the controlling opinion in *State v. Schimmelpfennig*, 92 Wash.2d 95, 594 P.2d 442 (1979), supports this interpretation).

Because the state Supreme Court has provided a narrowing construction, "there is no longer any danger that protected speech will be deterred and therefore no longer any reason to entertain the defendant's challenge to the statute on its face." *Osborne v. Ohio*, 495 U.S. 103, 115 n.12 (1990) (affirming the appropriateness of the Ohio Supreme Court relying on its own narrowing construction in evaluating the defendant's overbreadth claim).

It is not relevant that the affirmative defense of mistake is unavailable, because the prosecution must prove, beyond a reasonable doubt, that a defendant charged with violation of the statute intended to communicate with a minor for an unlawful purpose. *See Hosier*, 133 P.3d at 943. Because the statute has been construed to prohibit only communications that constitute offers to engage in illegal activity, and such communications are not protected by the First Amendment, the statute is not overbroad. *See United States v. Williams*, 128 S. Ct. 1830, 1842-43 (2008).

**Vagueness Claim**

Plaintiff also asserts that the term "immoral purposes" renders RCW 9.68A.090 void for vagueness. A conviction violates due process when the statute at issue does not provide "a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Williams*, 128 S. Ct. at 1845 (internal citations omitted).

In order for a statute to be facially invalidated on vagueness grounds, the conduct it forbids must be indeterminate. Such indeterminacy arises when a determination of what is, or is not, proscribed depends on utterly subjective judgments. *See Williams*, 128 S. Ct. at 1846. When otherwise vague terms have their indeterminacy removed by a statutory definition, narrowing context, or settled legal meaning, the statute will survive vagueness challenges. *Id.*

Plaintiff objects to hinging criminal culpability on whether a defendant communicated with "immoral purposes." He points to the Supreme Court's decision in *Reno v. ACLU*, 521 U.S. 844 (1997). There, the Court objected to the Communications Decency Act in part on vagueness grounds because the Act tied criminal culpability to whether conduct was "indecent" and "patently offensive." *Id.* At 865-66. Plaintiff asserts that the use of the term "immoral purposes" is wholly subjective and allows complete discretion by law enforcement officials–the same reasons the terms "indecent" and "patently offensive" failed a vagueness challenge in *Reno*. *See id.* at 865-66. Plaintiff's analogy to *Reno* is inapt, however, because in *Reno* the Court found that there were no statutory definitions or other possible constructions that could narrow the meaning of "indecent" or "patently offensive" to give the terms objective meaning. *See id.*

Unlike the terms "indecent" and "patently offensive" at issue in *Reno*, the term "immoral purposes," as used in RCW 9.68A.090, can be and *has* been authoritatively construed; it means "the predatory purpose of promoting [children's] exposure to and involvement in sexual misconduct." *Washington v. McNallie*, 120 Wash.2d 925, 931-32, 846 P.2d 1358, 1363 (1993). This limiting construction is not impermissibly vague, because it puts a person of ordinary intelligence on notice of what conduct is prohibited, and provides a standard for law enforcement officials.

**Conclusion**

RCW 9.68A.090 is neither vague nor overbroad and does not intrude on the freedom of speech. The plaintiff's Motion for Summary Judgment [Dkt. # 32] is DENIED, and the defendant's Motion for

Summary Judgment [Dkt. # 33] is GRANTED. The plaintiff's claims are DISMISSED with prejudice.

Dated this 14th day of April, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 7